IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


L.T., etc.,

      Plaintiff,

v.                                       CASE NO.  4:08cv332-RH/WCS

JUDY MANDRELL et al.,

      Defendants.

_____/

**ORDER DISMISSING CLAIMS AGAINST DCF**

The plaintiff—a minor—alleges that the defendant Florida Department of Children and Families placed her in the care of a known sex offender, leading to her sexual abuse.  The plaintiff has sued the department and some of its employees and contractors who allegedly participated in the placement.  The plaintiff seeks relief under both federal and Florida law.

The department has moved to dismiss based on the Eleventh Amendment. The department also invokes the state's sovereign immunity, which the department says has been waived only for claims asserted in state court.  The plaintiff has moved for voluntary dismissal without prejudice of its claims against the

department. This order grants the plaintiff's motion for voluntary dismiss and denies as moot the department's motion to dismiss based on the Eleventh Amendment or sovereign immunity.

Had this case been filed solely against the department, the plaintiff would have the right to dismiss it over the department's objection and without court approval. *See* Fed. R. Civ. P. 41(a)(1) (allowing a plaintiff to dismiss a case by notice if the defendant has not answered or moved for summary judgment). Here there are other defendants, and they have answered. But even if this precludes dismissal as a matter of right under Rule 41, the law of the circuit makes clear that I have discretion to allow the plaintiff to drop her claims against the department.

The Eleventh Circuit has said that "a district court considering a motion for dismissal without prejudice should bear in mind principally the interests of the defendant, for it is the defendant's interest that the court should protect." *McCants v. Ford Motor Co.*, 781 F.2d 855, 856 (11th Cir. 1986) (citing *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)). But *McCants* also says, "in most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." *Id.* at 856-57 (emphasis in original) (citing *LeCompte*, 528 F.2d at 604).

The Eleventh Circuit followed *McCants* in *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253 (11th Cir. 2001) (per curiam). There the district court

granted a voluntary dismissal without prejudice, and the Eleventh Circuit affirmed, notwithstanding the defendant's assertion that it "had invested considerable resources, financial and otherwise, in defending the action, including by preparing the then pending summary judgment motion," and that the plaintiff "had failed to diligently prosecute the action." *Id*. at 1256. The Eleventh Circuit said that neither of these circumstances, "alone or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss." *Id.* (citing *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366 (5th Cir. 1967)).

In the case at bar, the department has made no showing that it will suffer "clear legal prejudice" if the claims against it are voluntarily dismissed without prejudice. At most, the department faces the "prospect of a subsequent lawsuit," *McCants*, 781 F.2d at 856-57, but that does not preclude dismissal without prejudice.

Finally, it is arguable that the proper mechanism for dropping claims against one defendant in a case that will remain pending against others is by amendment of the complaint, not voluntary dismissal under Rule 41. But it does not matter. The principles underlying *McCants* and *Pontenberg* remain applicable, and the discretion to allow an amendment is broad.

For these reasons,

IT IS ORDERED:

The plaintiff's motion for voluntary dismissal of its claims against the defendant Department of Children and Families (document 78) is GRANTED.  All claims against the Department of Children and Families are dismissed without prejudice.  I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

SO ORDERED on February 13, 2009.

s/Robert L. Hinkle<br>
Chief United States District Judge