IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

L.T., etc., et al.,

      Plaintiffs,

v.                                                    CASE NO.  4:08cv332-RH/WCS

JUDY MANDRELL et al.,

      Defendants.

_____/

## ORDER SEALING CERTAIN EXHIBITS

The parties have filed exhibits with personal identifiers that were not redacted as required by Federal Rule of Civil Procedure 5.2.  They have filed consented motions to seal the unredacted exhibits.

The exhibits are public records that properly should be made available to any member of the public who so requests.  Complying with Rule 5.2 is sometimes burdensome—but the burden is the price that ordinarily must be paid to serve the important goals of having open court records, on the one hand, and protecting legitimate privacy interests, on the other.  Redaction, rather than widespread sealing, is what the rule requires.

Even so, the cost of redacting these records at this time can be avoided by sealing the records unless and until a member of the public requests access to them. If there is a request for access, the attorney who filed the exhibit will be required to file a properly redacted copy that will be maintained on the public docket. The originals as now in the court file will remain under seal.

For these reasons,

IT IS ORDERED:

The parties' consented motions (documents 157 and 185) to seal certain exhibits are GRANTED. The clerk must maintain under seal documents 112 through115, 119 through 126, 142, 169-2 through 169-18, 170-2, 171-2 through 171-3, 172 through 172-4, and 174-2 through 174-5. The plaintiff will be required to file a properly redacted copy of an exhibit if any member of the public requests access to it.

SO ORDERED on July 8, 2009.

s/Robert L. Hinkle
United States District Judge